BRIDGETTE A. SMITH

20482 N. CONLON ROAD

MARICOPA, AZ 85138

(520)213-9129



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

BRIDGETTE A. SMITH, a single woman                                        CASE NO.

      PLAINTIFF,                                                                                   HON. Judge

Vs.                                                                                                         COMPLAINT

EAST VALLEY ENDOCRINOLOGY, DIABETES & METABOLISM, P.C.

An Arizona professional corporation                                              CV-16-2870-PHX-SPL

      DEFENDANTS.

_____/

### JURISDICTION

UNITED STATES DISTRICT COURT JURISDICTION IS PROPER UNDER TORTS PERSONAL INJURY

PERSONAL INJURY MEDICAL MALPRACTICE AND ARS SECTIONS 20-222, 28-502, 28-503 AND 12-311

### COMPLAINT

NOW AND THEREFORE COMES, PLAINTIFF BRIDGETTE A. SMITH, FOR HER CLAIM AGAINST

DEFENDANT(S), STATES AS FOLLOWS:

1. *Plaintiff is a single woman. She was at all times relevant hereto a resident of Maricopa County of Maricopa, State of Arizona. All acts alleged herein occurred in the County of Occurred in the County of Maricopa, State of Arizona.*

Ensed to

2. Defendant EAST VALLEY ENDOCRINOLOGY, DIABETES & METABOLISM, P.C., an Arizona Professional corporation (hereinafter referred to as "East Valley Endocrinology") is and Was at all times relevant herein an Arizona corporation licensed to and doing business In the State of Arizona, Maricopa County as East Valley Endocrinology, Diabetes & Metabolism, P.C. Defendant East Valley Endocrinology is responsible for the acts and Omissions of Defendant's East Valley Endocrinology, Diabetes & Metabolism, P.C. and any Other employees under the theory of respondent superior, or actual, apparent or ostensible Agency.

3. Defendant East Valley Endocrinology, Diabetes & Metabolism, P.C.(hereinafter referred to As "Defendant EVE, D&M, P, C.) Negligently caused injury to Plaintiff. At all times material to This complaint, Defendant East Valley Endocrinology, an Arizona business entity, and/or Black & White Corporations I-XX acting within the scope or agency acting within the course And scope of his duties, pursuant to actual, ostensible or apparent authority, such that the Corporation should be responsible for the acts of said individual defendants, employees, agents Or servants under the doctrine respondent superior, or actual, apparent or ostensible agency.

4. Defendant East Valley Endocrinology, Diabetes & Metabolism, P.C. held themselves out to the Plaintiff, and to the general public, as a medical practitioner facility and licensed to practice in Arizona, and as particularly skilled, careful and diligent in the practice of Endocrinology, A medical specialty. Upon information and belief, Defendants are and were at all times Conducting and residing in Maricopa County, Arizona and upon information and belief. Defendants East Valley Endocrinology, Diabetes & Metabolism, P.C. provided care to BRIDGETTE A. SMITH. By their own acts and omissions, East Valley Endocrinology, Diabetes

Ensed to

& Metabolism, P.C., caused events to occur in Maricopa County, Arizona, out of which this claim

Arises. At all times relevant herein. Defendants East Valley Endocrinology, Diabetes &

Metabolism, P.C. negligently caused intentional injury to Plaintiff. At all times material to this

Complaint.

5. Defendants, collectively are vicariously liable for the negligence of their employees, servants,

Actual agents and ostensible agents acting in the course and scope of agency/facility in their

Care and treatment of Plaintiff BRIDGETTE SMITH.

6. All acts and omissions of Defendants were done within the scope, apparently under the

Authority making the corporation(s) and/or partnership(s), and/or other entities which are

Defendants herein responsible, under the doctrines of agency, ostensible agency, facility and
Is
Or respondent superior, for the acts and omissions of the individual Defendants.

  a. Jurisdiction and venue are appropriate in this most honorable United States

     District Court District of Arizona.

## COUNT ONE: MEDICAL MALPRACTICE

VII

Plaintiff states and reaffirms all allegations set forth in Paragraph I through X as

Through X as though fully set forth herein again.

On August 2013 Plaintiff Bridgette A. Smith presented to East Valley Endocrinology to establish Care for her hyperthyroidism. She was examined by Terry L. Horine, ANP-C. An ultrasound with Atul P-Lilian, M.D., showed Bilateral Hyper vascular enlarging and multi nodular density suggestive of acute/ Chronic thyroiditis. Plaintiff Bridgette A. Smith was given Dexamethasone 4mg IM, was given a Prescription for Prednisone 20mg daily for 30 days.

Ensed to

VIII.

On September 12, 2013 Plaintiff Bridgette A. Smith went back to East Valley Endocrinology to To be seen by [HORNE] for thyroid follow up. Bridgette A. Smith presented with hot flashes and pain in Her abdominal fatty tissue, both hips, and her lower back. Plaintiff was also experiencing palpitations, Flutters, dizziness, weakness, anxiety, and hand tremors. Plaintiff Bridgette A. Smith was given Prescriptions for Metoprolol Tartrate 50mg, 1 tablet, two time a days, Dexamethasone Oral .5mg, 1 tablet two times a day AND Methimazole 10mg, 1 tablet two times a day.

IX.

September 23, 2015 Plaintiff Bridgette A. Smith called in to East Valley Endocrinology about a Painful, burning rash covering her arms, trunk, and face that would not go away. Bridgette A. Smith was Instructed by East Valley Endocrinology to follow up with her primary care physician for a referral to a Dermatologist.

X.

Plaintiff Bridgette A. Smith was seen by a dermatologist on three occasions; October 11, 2013, October 21, 2013 and November 19, 2013. The dermatologist felt the rash to be sub-acute erythematous Lupus, or fixed drug-induced eruptions. Plaintiff Bridgette A. Smith was referred to a rheumatologist Because of an elevated rash over most body and rheumatoid factor lab finding.

XI.

On November 06, 2013 Plaintiff Bridgette A. Smith was seen by a rheumatologist who immediate Ly discontinued her course Methimazole over concerns about its possible cause of drug-induced lupus.

XII.

On December 19, 2013 Plaintiff Bridgette A. Smith was admitted to the hospital after presenting To the ER with a painful beefy, red, bleeding maculopapular over most of her body, severe sepsis, Pneumonia, UTI, and acute renal failure. She was sedated and intubated, treated for the sepsis and renal Failure, then transferred to the burn floor to receive burn hydrotherapy for treatment of the severe rash.

XIII.

Defendant(s) collectively, owed a duty to Plaintiff Bridgette A. Smith to exercise that degree of Care, skill and learning expected of reasonable, prudent healthcare providers in the profession or class to Which they belong within the State of Arizona acting the same or similar circumstances.

Ensed to

*Notwithstanding such duties owed by Defendant(s) to Plaintiff Bridgette A. Smith, Defendants Negligently failed to comply with the applicable required degree of medical card. Evidence of this Negligence includes, but is not limited to: 1) Failure to consider Methimazole and/or Metoprolol as The cause of Plaintiff's worsening skin condition; 2) failure to timely evaluate Plaintiff for drug reaction Vs cutaneous lupus; and 3) failure to timely take Plaintiff off Methimazole and/or Metoprolol in light of My worsening condition. As a result of the negligence of the Defendants, collectively, Plaintiff Bridgette A. Smith has been permanently injured and disable as a consequence of cutaneous/systemic Lupus or vasculitis triggered by drug reaction.*

XIV.

*The negligence of Defendant[s] was a direct or proximate cause of the permanent injury and Disability suffered by Plaintiff Bridgette A. Smith.*

XV.

*As a further direct and proximate result of the negligence of Defendant[s], Plaintiff Bridgette A. Smith is now permanently scarred all over my body, suffers from depression due to her Appearance, and has difficulty walking due to severe pain in my feet.*

XVI.

*As a further direct and proximate result of the negligence of Defendant[s], Plaintiff has and will Incur, past and future medical charges associated with her continued treatment.*

XVII.

*As a further and direct proximate result of the negligence of Defendant[s], Plaintiff Bridgette A. Smith has suffered extreme mental and emotional distress, pain, suffering, humiliation, Embarrassment, loss of enjoyment of life, and loss of income.*

XVIII.

*All of these injuries can be compensated for by a sum of money in substantial amount, well in Excess of the jurisdictional amount of this Court.*

*WHEREFORE, Plaintiff prays and DEMAND FOR A JURY TRIAL, furthermore demands judgment Against Defendants wholly and their marital communities as following:*

1. *For the reasonable value of special damages incurred to date in excess of the jurisdictional*

Ensed to

Amount of this Court, consistent with the proof in this action.

2. For general damages in an amount greater than Two Hundred and Fifty Thousand Dollars as Ascertained, but well in excess of the jurisdictional amount of this Court, consistent with the Proof in this action.
3. For Plaintiff's taxable costs incurred herein, pursuant to A.R.S. Entire Arizona Revised Legislature, 1st Regular Session, which convenes on January 9, 2017; United States District Court District of Arizona superseding jurisdiction under United States Code amended.
4. Such other and further relief as this Court deems just.

Respectfully Submitted,

DATED:  August 24, 2016        *[signature]*

BRIDGETTE A. SMITH
PLAINTIFF/PRO SE

Ensed to